IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLIFFORD J. SCHUETT,

    Plaintiff,

v.                                              Civil Action No. 3:17CV699

ERIC WILSON, et al.,

    Defendants.

**MEMORANDUM OPINION**

Clifford J. Schuett, a federal inmate, submitted this civil action and applied to proceed in forma pauperis.

By Memorandum Opinion and Order entered on June 13, 2017, the Court dismissed without prejudice an "IMMINENT DANGER COMPLAINT," filed by Schuett because he made no attempt to comply with the Court's directives to allow the Court to determine whether he had three strikes under 28 U.S.C. § 1915(g). Schuett v. Wilson, No. 3:17CV102, 2017 WL 2569888, at *1-3 (E.D. Va. June 13, 2017). Schuett filed a second action that was also dismissed for failing to comply with the Court's directives. Schuett v. Wilson, No. 3:17CV174 (E.D. Va.).

The pertinent statute provides:

> In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Schuett has at least three actions or appeals that have been dismissed as frivolous or for failure to state a claim. See Schuett v. Governor, State of Haw., No. 14-00374, 2014 WL 5781409, at *1-2 (D. Haw. Nov. 6, 2014) (denying in forma pauperis status and listing five cases that are strikes under § 1915(g));[1] see also Schuett v. Unknown Party, No. CV-14-01663-JJT (JZB) (D. Ariz. Oct. 22, 2014).[2]

Thus, in his current complaint, Schuett must adequately demonstrate why he is under imminent danger of serious physical injury. He does not do so. Instead, he vaguely states that he has been injured multiple times at his present place of incarceration and that his present place of incarceration cannot adequately care for his medical condition. Given his past lack of candor and long pattern of abusive litigation, such allegations are insufficient to credibly demonstrate that

---

[1] The United States District Court for the District of Hawaii cited the following five cases that count as strikes: Schuett v. Attorney Gen. of Cal., No. 14-6794 (C.D. Cal. Sept. 26, 2014); Schuett v. United States Marshal Serv., No. 2:13-cv-010163 JCM (D. Nev. July 29, 2013); Schuett v. Sheriff, Cnty. Jail of Rochester, New York, Civ. No. 6:95-cv-6216 (W.D.N.Y. May 30, 1995); Schuett v. Sheriff, Cnty. Jail of Rochester, New York, Civ. No. 6:95-cv-6157 (W.D.N.Y. May 30, 1995); Schuett v. BM Fauber, No. 88-73527 HWG (E.D. Mich. Sept. 13, 1988).

[2] The United States District Court for the District of Arizona cited four of the above-listed cases and one additional case: Schuett v. CEO-CCA-Correctional Corp. of America, No. 2:14-cv-1431-JAD-PAL (D. Nev. Oct. 3, 2014).

Schuett is in imminent danger of serious physical harm. See White v. State of Colo., 157 F.3d 1226, 1232 (10th Cir. 1998) (concluding inmate failed to satisfy § 1915(g) where he did not specify "even the general nature of the 'serious physical injury' he asserts is imminent"). Accordingly, Schuett's request to proceed in forma pauperis will be denied. The action will be dismissed without prejudice. Schuett remains free to file a new action that adequately specifies why he is entitled to proceed in forma pauperis.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Schuett.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 26, 2017
Richmond, Virginia