

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLIFFORD J. SCHUETT,

    Plaintiff,

v.                           Civil Action No. 3:17CV699

ERIC WILSON, et al.,

    Defendants.

## MEMORANDUM OPINION

Clifford J. Schuett, a federal inmate, submitted this civil action and applied to proceed in forma pauperis. By Memorandum Opinion and Order entered on November 27, 2017, the Court denied Schuett's request to proceed in forma pauperis and dismissed the action without prejudice. (ECF Nos. 3, 4.) The matter is now before the Court on Schuett's request to set aside that decision. (ECF Nos. 6, 9.)

### I. Factual And Procedural History

In denying Schuett's request to proceed in forma pauperis, the Court noted that the pertinent statute provided:

> In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(ECF No. 3, at 1-2 (citing 28 U.S.C. § 1915(g).) Schuett had at least three actions or appeals that have been dismissed as frivolous or for failure to state a claim. Further, the Court noted that, "[g]iven his past lack of candor and long pattern of abusive litigation" the allegations were "insufficient to credibly demonstrate that Schuett [was] in imminent danger of serious physical harm." (ECF No. 3, at 2-3 (citation omitted). The Court further noted that although the action was dismissed without prejudice, "Schuett remains free to file a new action that adequately specifies why is entitled to proceed in forma pauperis." (Id. at 3.)

Instead of filing a new action, Schuett filed a "Motion and Petition to Reopen," (ECF No. 6) and "Petition and Motion for a Order of Protection from Defendants," (ECF No. 9), wherein he details why he believes he is in imminent danger of serious physical harm. The Court will consider these documents under Federal Rule of Civil Procedure 59(e). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978))).

**II. Relief Under Federal Rule Of Civil Procedure 59(e)**

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Schuett apparently relies upon the third ground. However, Schuett has not shown that the Court committed any error of law in dismissing the action. Nor has Schuett shown that setting aside the dismissal of the action is necessary to avoid a manifest injustice. As the Court previously explained, Schuett remains free to submit a new action that adequately details why he is in imminent danger of serious physical harm. Accordingly, Schuett's requests for Rule 59(e) Relief (ECF Nos. 6, 9) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Schuett.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 12, 2018